United States Court of Appeals
Fifth Circuit

**F I L E D**

**May 10, 2006**

Charles R. Fulbruge III
Clerk

**UNITED STATES COURT OF APPEALS
FIFTH CIRCUIT**

---

**No. 04-41573
Summary Calendar**

---

**UNITED STATES OF AMERICA,**

**Plaintiff-Appellee,**

**versus**

**GERARDO NAPOLEON MARTINEZ-CASARES,**

**Defendant-Appellant.**

---

**Appeal from the United States District Court
for the Southern District of Texas
(7:04-CR-431-1)**

---

Before BARKSDALE, STEWART, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Gerardo Napoleon Martinez-Casares appeals his guilty-plea conviction and sentence for illegal reentry following deportation, in violation of 8 U.S.C. § 1326. He presents two claims.

First, he contends the district court reversibly erred when it sentenced him pursuant to the mandatory Sentencing Guidelines held unconstitutional in *United States v. Booker*, 543 U.S. 220 (2005) (*Fanfan* claim). In this regard, Martinez-Casares' being sentenced pursuant to a mandatory system constituted error. *See United*

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

*States v. Valenzuela-Quevedo*, 407 F.3d 728, 733 (5th Cir.), *cert. denied*, 126 S. Ct. 267 (2005). Because he preserved his *Fanfan* claim in district court by objecting based on *Blakely v. Washington*, 542 U.S. 296 (2004), we review for harmless error. *United States v. Rodriguez-Mesa*, ___ F.3d ___, No. 04-41757, 2006 WL 633280, at *5-6 (5th Cir. 15 Mar 2006). The Government bears the burden of proving beyond a reasonable doubt the district court would *not* have sentenced Martinez-Casares differently under an advisory system. *See United States v. Walters*, 418 F.3d 461, 464 (5th Cir. 2005).

The sentencing transcript gives no indication whether the court would have imposed the same sentence had the Guidelines been advisory. Further, contrary to the Government's claim, that the sentence may be reasonable does *not* demonstrate the district court would have imposed the same sentence had it not been bound by the Guidelines. *See id*. at 464-65. Moreover, the court's granting a downward departure alone does not prove beyond a reasonable doubt the error did not affect Martinez-Casares' sentence. *See United States v. Garza*, 429 F.3d 165, 171 (5th Cir. 2005), *cert. denied*, 126 S. Ct. 1444 (2006). Therefore, we vacate Martinez-Casares' sentence and remand for resentencing.

Martinez-Casares also challenges the constitutionality of § 1326(b)'s treatment of prior felony and aggravated felony convictions as sentencing factors rather than elements of the

2

offense that must be found by a jury in the light of ***Apprendi v. New Jersey***, 530 U.S. 466 (2000). This challenge is foreclosed by ***Almendarez-Torres v. United States***, 523 U.S. 224, 235 (1998). Although Martinez-Casares contends ***Almendarez-Torres*** was incorrectly decided and that a majority of the Supreme Court would overrule it in the light of ***Apprendi***, we have repeatedly rejected such claims on the basis that ***Almendarez-Torres*** remains binding. *See* ***United States v. Garza-Lopez***, 410 F.3d 268, 276 (5th Cir.), *cert. denied*, 126 S. Ct. 298 (2005). Martinez-Casares concedes this claim is foreclosed by ***Almendarez-Torres*** and circuit precedent; he raises it only to preserve it for further review.

***CONVICTION AFFIRMED; SENTENCE VACATED; REMANDED FOR RESENTENCING***